UNITED STATES BANKRUPTCY COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| In re:<br><br>　　　BENNETT EGETH,<br><br>　　　　　　　　　Debtor.<br><br>DANIELA DE LOS RIOS,<br><br>　　　　　　　Plaintiff,<br><br>　　　　v.<br><br>BENNETT EGETH,<br><br>　　　　　　　Defendant. | **FOR PUBLICATION**<br><br>Case No. 25-10502 (MG)<br><br>Chapter 7<br><br><br><br>Adv. Pro. Case No. 25-01096 (MG) |

**MEMORANDUM OPINION AND ORDER GRANTING PLAINTIFF'S MOTION FOR DEFAULT JUDGMENT**

*A P P E A R A N C E S:*

**TARTER KRINSKY & DROGIN LLP**
*Attorneys for Plaintiff Daniela de los Rios*
1350 Broadway, 11th Floor
New York, New York 10018
By:　Scott S. Markowitz, Esq.


**BENNETT EGETH**
*Pro Se Defendant*


**MARTIN GLENN**
**CHIEF UNITED STATES BANKRUPTCY JUDGE**

　　　Pending before the Court is the Plaintiff's *Motion for a Default Judgment Against Defendant and the Debtor Bennett Egeth* (the "Motion," Adv. Pro. ECF Doc. # 9). The Motion was filed after Defendant Bennett Egeth's (the "Defendant," or the "Debtor") failed to answer

Plaintiff's bankruptcy court complaint seeking to deny Egeth a discharge of a *future* state court judgment (the "Complaint," Adv. Pro. ECF Doc. # 1).  On November 12, 2025. this Court held a hearing on the motion, after which Plaintiff filed a supplemental brief in support of the Motion (the "Supplemental Brief," Adv. Pro. ECF Doc. # 13).

The Plaintiff sued Egeth in state court, following Egeth's guilty plea to a felony charge, for causes of action stemming from Egeth's unlawful video monitoring of Plaintiff in her bedroom.  Plaintiff was employed by Egeth as an au pair.  Egeth filed a chapter 7 case after his guilty plea while Plaintiff's state court case was pending.  The issue here is whether this Court can deny Egeth a discharge for a *future* judgment on any of the causes of action asserted in Plaintiff's state court complaint.  For the reasons explained below, the Motion is granted.  The Court determines that the Plaintiff is entitled to a default judgment determining that Egeth is denied a discharge for a future judgment for four of five causes of action asserted in the state court complaint.  Liability for each of those causes of action requires the Plaintiff to establish "willful and malicious" conduct by Egeth supporting a denial of discharge under section 523(a)(6) of the Code.  The Court also lifts the automatic stay to permit Plaintiff to return to state court to continue her action against Egeth.

## I.    BACKGROUND

### A.  Prior History

This Adversary Proceeding stems from events that took place during Plaintiff's prior employment by the Debtor as an au pair.  From January 2019 to September 2020, Plaintiff worked and lived in Debtor's home taking care of his children. (Complaint ¶ 8.)  On August 26, 2020, Plaintiff found a live video feed of her bedroom on the Debtor's iPad streaming from a hidden camera placed in a digital clock.  She called the police.  (*Id*. ¶¶ 9, 11.)  A criminal

2

complaint was filed against Egeth by the New York County's District Attorney's Office for felony unlawful surveillance of Plaintiff. (*Id*. ¶ 12.) The Debtor pled guilty to the felony charge, admitting that he installed the camera without her knowledge or consent. (*Id*. ¶ 13; ECF Doc. # 9-1, Ex. 3 (Debtor's Plea Hearing Transcript), p. 10:13-23.)

On December 15, 2020, the Plaintiff commenced a civil action against the Defendant in the Supreme Court of New York (Case No. 160899/2020) (the "Civil Action") alleging:

- (1) Unlawful Surveillance in Violation of Labor Law § 203-c;
- (2) Intentional Infliction of Emotional Distress;
- (3) Retaliation in Violation of New York Labor Law § 215;
- (4) Sexual Harassment in Violation of New York's Human Rights Law; and
- (5) Negligent Infliction of Emotional Distress

(*Id*. ¶ 14.) The matter is still pending in state court, stayed by Egeth's bankruptcy filing.

On March 18, 2025, the Debtor filed a Voluntary Petition for Individuals under Chapter 7 (ECF Doc. # 1). Among creditors with unsecured claims listed in the Schedule E/F, the Debtor includes an unliquidated unsecured claim held by the Plaintiff stemming from "Alleged Tort Liability." (*Id*.)

### B. The Adversary Proceeding

The Plaintiff filed the Complaint in this Court on May 14, 2025, seeking a denial of discharge under 11 U.S.C. § 523(a)(6) for any liability that may arise from Plaintiff's Civil Action. According to the Compliant, Plaintiff believes that denial of discharge is proper as the Debtor willfully and maliciously caused injury to the Plaintiff by installing a camera in Plaintiff's bedroom and filming Plaintiff without her consent. (Complaint ¶ 18.) The Debtor failed to respond to the Plaintiff's Complaint, leading Plaintiff to file its Motion for Default Judgment. In the Motion, the Plaintiff asserts that the causes of action the Plaintiff alleges in the

3

Civil Action are all sufficient for a finding that any future monetary judgment is nondischargeable under section 523(a)(6).  (Motion ¶ 22.)

After a hearing on the Motion, this Court requested Plaintiff to file a supplemental brief explaining that the elements of the causes of action alleged in the Civil Action require a finding of "willful and malicious" conduct under section 523(a)(6).  The Supplemental Brief was filed on December 17 discussing the elements of four of the five causes of action: (1) Unlawful Surveillance in Violation of New York Labor Law § 203-c; (2) Intentional Infliction of Emotional Distress; (3) Retaliation in Violation of New York Labor Law § 215; (4) Sexual Harassment in Violation of New York Human Rights Law; and.  (Supplemental Brief ¶ 4.) Plaintiff withdrew her request for default judgment under the elements of (5) Negligent Infliction of Emotional Distress.  (*Id.*)

## II.    LEGAL STANDARD

Section 523(a)(6) of the Bankruptcy Code provides that a discharge under 11 U.S.C. § 727 does not discharge a debtor from any debt "for willful and malicious injury by the debtor to another entity or to the property of another entity."  11 U.S.C. § 523(a)(6).  The Supreme Court has held that "[t]he word 'willful' in section 523(a)(6) modifies the word 'injury,' indicating that nondischargeability takes a deliberate or intentional injury, not merely a deliberate or intentional act that leads to injury," comparing the requirement under section 523 to that of "intentional torts." *Kawaauhau v. Geiger,* 523 U.S. 57, 57–58, 61-62 (1998).  "Malice may be implied 'by the acts and conduct of the debtor in the context of [the] surrounding circumstances.'" *Ball v. A.O. Smith Corp.*, 451 F.3d 66, 69 (2d. Cir. 2006) (quoting *Navistar Fin. Corp. v. Stelluti (In re Stelluti)*, 94 F.3d 84, 88 (2d. Cir. 1996)).

### III. DISCUSSION

**A. Discharge Can Be Denied for a Future Judgment**

A future judgment in a pending civil action on causes of action (1), (2), (3) and (4) will be nondischargeable. While the text of section 523(a)(6) is silent on the issue, courts throughout the country have noted that Congress in drafting the Bankruptcy Code could not have intended to allow a debt's dischargeability to depend on a whether an ongoing civil action has concluded by the time of a bankruptcy filing.

In *Morrison v. Harrsch (In re Harrsch)*, 432 B.R. 169 (Bankr. E.D. Pa. 2010), a debtor filed a chapter 13 petition while a civil action for sexual assault was pending against the debtor in state court. The plaintiff in the civil action filed an adversary proceeding against the debtor seeking a denial of discharge under 11 U.S.C. § 1328(a)(4) for any future judgment arising from the plaintiff's claim. *Id*. at 171-72. Section 1328(a)(4), like section 523(a)(6), allows for a denial of discharge for debts that are a "result of willful or malicious injury by the debtor," but unlike section 523(a)(6), it includes language specifying the debt as "damages awarded in a civil action against the debtor." 11 U.S.C. § 1328(a)(4). Yet the *Harrsch* court, despite this qualifier in the Code (and also noting that section 523(a)(6) *does not contain this language*) ultimately determined that Congress contemplated that damage awards entered both before or after the commencement of a debtor's bankruptcy case would <u>not</u> be dischargeable: "Considering that, like § 523(a)(6), the § 1328(a)(4) discharge exception disqualifies a debtor from receiving a discharge of debts arising from his or her wrongful conduct, I cannot fathom why Congress would choose to have such a debt's dischargeability depend on whether the debtor or the creditor wins the proverbial 'race to the courthouse.'" *In re Harrsch*, 432 B.R. at 174.

5

The *Harrsch* court is not alone in finding that debts are non-dischargeable despite language requiring a damages award to deny discharge of the debt, language more restrictive than the "broader exclusion from discharge" provided by section 523(a)(6). *See Waag v. Permann (In re Waag)*, 418 B.R. 373, 381-82 (9th Cir. BAP 2009) ("There is no reason to assume that Congress intended to differentiate between creditors who were able to obtain a judgment against a debtor before the bankruptcy filing and those that were stymied in their efforts to obtain redress for their injuries by the invocation of the automatic stay. Congress was concerned that debtors who committed certain wrongful acts not escape financial responsibility for those acts."); *see also Stackhouse v. Hudson (In re Hudson)*, 859 F.2d 1418, 1423 (9th Cir. 1988) ("The purpose of the nondischargeability section in general was to remove from the debtor's capacity to discharge certain classes of debts arising from practices Congress deemed so pernicious that bankruptcy should not be able to insulate the debtor from their payment."); *In re Ganzer*, 54 B.R. 75, 76–77 (Bankr. D. Minn. 1985) ("If a *prepetition* judgment determining liability to have been incurred by the debtor under such circumstances, be required, the statute is practically useless. Only in cases of legal malpractice will prepetition judgments ever be entered. This Court will not presume Congress to have intended to sabotage its legislation and create such an absurdity.") (emphasis in original).

Given the history of courts determining prejudgment debts are nondischargeable under more restrictive provisions of the Code, this Court will not limit plaintiffs from their requested relief under section 523(a)(6) solely because the action is still pending in state court. Section 523(a)(6) allows for a denial of discharge for a future judgment award in a civil action *if* willful and malicious injury is required to recover on the state law cause of action.

6

**B. The Elements of the Claims in the Civil Action Support a Denial of Discharge**

The Plaintiff is seeking a denial of discharge under section 523(a)(6) on a theory that the elements of the causes of action in the Civil Action are sufficient to show the Debtor engaged in willful and malicious conduct. Each of the four causes of action are examined in turn.

1. <u>Unlawful Surveillance in Violation of New York Labor Law § 203-c</u>

New York Labor Law § 203-c states: "No employer may cause a video recording to be made of an employee in a restroom, locker room, or room designated by an employer for employees to change their clothes, unless authorized by court order." N.Y. Labor Law § 203-c (1). The Debtor has already confessed to installing the camera "for no legitimate purpose" and without the Plaintiff's consent. (Debtor's Plea Hearing Transcript, p. 10:13-23). Any liability the Debtor faces on this cause of action will be based on his admitted misconduct.

As such, any final judgment against the Debtor in the Civil Action arising out of Plaintiff's New York Labor Law § 203-c claim is sufficiently willful and malicious to be denied a discharge.

2. <u>Intentional Infliction of Emotional Distress</u>

In New York, the elements of a claim for intentional infliction of emotional distress are as follows: "(i) extreme and outrageous conduct, (ii) an intent to cause—or disregard of a substantial probability of causing—severe emotional distress, (iii) a causal connection between the conduct and the injury, and (iv) the resultant severe emotional distress." *Lau v. S&M Enters.*, 72 A.D.3d 497, 498 (2010) (citing *Howell v. New York Post Co.,* 81 N.Y.2d 115, 121 (1993)). Liability for intentional infliction of emotional distress has only been found where the "conduct has been so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized

7

community." *Howell*, 81 N.Y.2d at 122 (quoting Restatement (Second) of Torts § 46, comment d). Courts have regularly found that a finding of intentional infliction of emotional distress satisfies the willful and malicious injury standard of section 523(a)(6). *See Hawkins v. Tyree*, 483 B.R. 598, 600 (S.D.N.Y. 2012) ("To the extent that [plaintiff] is asserting a claim for negligent infliction of emotional distress, the claim is dismissed because the complaint fails to specifically allege any facts from which the Court could infer a 'willful and malicious injury.' To the extent [plaintiff] is asserting a claim for intentional infliction of emotional distress, the claim survives because a claim for intentional infliction of emotional distress satisfies the 'willful and malicious injury' standard.") (internal citations omitted); *see also Loucks v. Smith (In re Smith)*, 537 B.R. 1, 10 (Bankr. M.D. Ala. 2015) ("Allegations of sexual harassment, retaliation, assault and battery, and intentional infliction of emotional distress encompass the elements for willful and malicious injury."); *see also Musilli v. Droomers (In re Musilli),* 379 Fed. App'x. 494, 498 (6th Cir. 2010) ("This court has created a non-exclusive list of the types of misconduct [that] satisfy the willful and malicious injury standard: intentional infliction of emotional distress, malicious prosecution, conversion, assault, false arrest, intentional libel, and deliberately vandalizing the creditor's premises.") (internal quotation marks and citations omitted).

As with the claim of unlawful surveillance, any liability the Debtor faces on this cause of action will be based on the Debtor's admitted willfully malicious misconduct. Accordingly, the Debtor will be denied a discharge as to any final judgment arising out of the intentional infliction of emotional distress claim in the Civil Action.

8

3. <u>Sexual Harassment in Violation of New York Human Rights Law</u>

Sexual Harassment under New York Human Rights Law requires the employee to show: "(1) she belongs to a protected group, (2) she was the subject of unwelcome sexual harassment, (3) the harassment was based on her gender, (4) the sexual harassment affected a term, condition or privilege of employment and, the only element seriously at issue here, (5) the employer knew or should have known of the harassment and failed to take remedial action." *Pace v. Ogden Services Corp.*, 257 A.D.2d 101, 103 (3d Dep't 1999). As with intentional infliction of emotional distress, many courts have found sexual harassment to be an intentional tort consistent with the willful and malicious framework of section 523(a)(6). *See Basile v. Spagnola (In re Spagnola)*, 473 B.R. 518, 524 (Bankr. S.D.N.Y. 2012) ("The Court is persuaded by the many bankruptcy courts that have found that sexual harassment discrimination is inherently an intentional tort and allowed it to be excepted from discharge as a willful and malicious injury. . . . Sexual harassment is not only illegal, but so morally reprehensible and degrading to one's personal dignity that the harasser's conduct cannot possibly be considered anything other than 'wrongful and without just cause or excuse.'") (citing *Voss v. Tompkins (In re Tompkins),* 290 B.R. 194, 199 (Bankr. W.D.N.Y. 2003); *McDonough v. Smith (In re Smith),* 270 B.R. 544 (Bankr. D. Mass. 2001); *Thompson v. Kelly (In re Kelly),* 238 B.R. 156 (Bankr. E.D. Mo. 1999)).

The Debtor will be denied a discharge under section 523(a)(6) as to any final judgement arising out of the Plaintiff's Sexual Harassment in Violation of New York Human Rights Law claim for willful and malicious conduct relating to the Debtor's admitted misconduct.

4. <u>Retaliation in Violation of New York Labor Law § 215</u>

Under New York Labor Law § 215, "an employer is prohibited from discharging, threatening, penalizing, or otherwise discriminating against an employee who complains about a

9

violation of the [New York Labor Law]." *Jorge Paredes Guevara v. A&P Restaurant Corp.*, 2025 WL 3215606, at *4 (S.D.N.Y. Nov. 18, 2025). To establish a claim under section 215, the employee must show that they were discriminated against "because of" the employee's complaint. *Id*. (citing *Robledo v. Number 9 Parfume Leasehold*, 2013 WL 1718917, at *7 (S.D.N.Y. Apr. 9, 2013)). Section 215 acts to protect employees from retaliation from their employer.

Courts have found that actions taken by employers in retaliation for an employee's complaint constitute willful and malicious action as required by section 523(a)(6). *See, e.g., In re Smith*, 537 B.R. at 10 (concluding that employee fired after making an EEOC complaint met the section 523(a)(6) burden for a denial of discharge as "[a]llegations of . . . retaliation . . . encompass the elements for willful and malicious injury"); *Chuipek v. Gilmore (In re Gilmore)*, 590 B.R. 819, 840 (Bankr. N.D. Ill. 2018) (finding that an employer's workplace retaliation against an employee's complaints of discrimination "willfully and maliciously injured" the plaintiff and the elements of section 523(a)(6) had been satisfied.) The state court complaint specifically alleges that after his arrest the Debtor made threats to "harass and intimidate" the Plaintiff and to interfere with her ability to obtain alternative employment. (Civil Action ¶¶ 38-41.) The Debtor will be denied a discharge under section 523(a)(6) as to any final judgement arising out of the Plaintiff's Retaliation in Violation of New York Labor Law § 215 claim.

### IV.  <u>CONCLUSION</u>

The Plaintiff's Motion is **GRANTED** and any future judgment awarded to the Plaintiff for the following claims currently being alleged in the Civil Action is deemed nondischargeable under 11 U.S.C. § 523(a)(6):

- Unlawful Surveillance in Violation of Labor Law § 203-c;

10

- Intentional Infliction of Emotional Distress;

- Sexual Harassment in Violation of New York's Human Rights Law; and

- Retaliation in Violation of New York Labor Law § 215.

The Court's refrains from making any determination regarding the underlying merits of each claim as the Plaintiff will be required to prove her claims and damages in the state court. The automatic stay in lifted to allow the Plaintiff to return to state court to prosecute her claims.

**IT IS SO ORDERED.**

Dated:      January 8, 2026
            New York, New York

*Martin Glenn*
_____
MARTIN GLENN
Chief United States Bankruptcy Judge